**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | |
|---|---|
| BILLY MICHAEL SELLERS; and PATRICIA SELLERS, | |
| Plaintiffs, | CIVIL ACTION NO.: 6:20-cv-104 |
| v. | |
| FRED HENNRICH; THE HERTZ CORPORATION; and JOHN DOE, | |
| Defendants. | |

**O R D E R**

Before the Court is Plaintiffs' Motion to Dismiss Defendant The Hertz Corporation Without Prejudice. (Doc. 11.) Therein, Plaintiffs, citing Federal Rule of Civil Procedure 21, seek to dismiss, without prejudice, The Hertz Corporation, which—despite apparently having been served, (see doc. 8)—has not filed an answer or otherwise appeared in this case. (Doc. 11.) No cross-claims have been asserted against The Hertz Company by any co-defendant. Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Additionally, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." See also Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 255 (5th Cir. 1973) ("[R]eading the rules governing dismissal by notice and dismissal by motion together, we conclude that it was intended by the rule-makers to permit dismissal against such of the defendants as have not served an answer

or motion for summary judgment . . . .")[1] The Court thus **GRANTS** the motion, (id.), and **DISMISSES** all claims against Defendant The Hertz Corporation, without prejudice, and **DIRECTS** the Clerk of Court to update the docket accordingly.

**SO ORDERED**, this 17th day of December, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.